UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| C. ALVIN HEAD, M.D.<br><br>    Plaintiff,<br><br>v.<br><br>PARTNERS HEALTHCARE SYSTEM, INC.<br><br>    Defendant. | §<br>§<br>§<br>§<br>§  Civil Action No.<br>§<br>§  JURY TRIAL DEMANDED<br>§<br>§ |

## COMPLAINT

C. Alvin Head, M.D. ("Dr. Head") alleges as follows:

**Parties**

1.     Plaintiff, Dr. Head, is a medical doctor, currently residing at 10625 Arlington Pointe, Alpharetta, GA 30022.

2.     Defendant, Partners HealthCare System, Inc. ("Partners"), is a Massachusetts corporation, having its principal office at 800 Boylston Street, Suite 1150, Boston, Massachusetts 02199.

**Jurisdiction and Venue**

3.     This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332, as Dr. Head is a citizen of Georgia, and Partners is incorporated in and is a citizen of Massachusetts. The parties are diverse, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.     Venue is proper in this district under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims in this action occurred in this judicial district.

5. The defendant is subject to personal jurisdiction in this district, because it is located in this district, and a substantial portion of the actions and omissions complained of took place in this judicial district.

**Factual Background**

6. In the late 1990's Dr. Head was a researcher at The General Hospital Corporation ("MGH") the predecessor to Partners (hereinafter both MGH and Partners will be referred to as Partners).

7. Dr. Head's research involved work with nitric oxide gas ("NO").

8. In the course of his research, Dr. Head co-invented, with Warren M. Zapol, M.D. ("Dr. Zapol") an invention relating to treating blood diseases that became the subject of U.S. Patent No. 5,885,621 entitled "TREATMENT OF A HEMOGLOBINOPATHY" which issued to Dr. Head and Dr. Zapol on March 23, 1999 ("the '621 Patent").

9. At the same time, others, including Kenneth Block, M.D. ("Dr. Block") and Claes Frostell, M.D. ("Dr. Frostell") were also performing research at Partners involving the medical uses of NO, which resulted in inventions that became the subject of several U.S. patents (including the '621 Patent) and patent applications. Collectively, Dr. Head, Dr. Zapol, Dr. Block, and Dr. Frostell are referred to herein as "the Inventors". The various patents (including the '621 Patent) and applications are referred to herein as "the NO Patents".

10. On information and belief, Partners entered into a licensing agreement with a company, Ohmeda Pharmaceutical Products Division, Inc. ("Ohmeda"), whereby the NO Patents were licensed to Ohmeda.

11. In order for Partners to be able to license the NO Patents to Ohmeda, Partners entered into an agreement entitled "Inventor's Agreement: Nitric Oxide Patents" ("the Inventors' Agreement") with the Inventors.

12. In order to induce the Inventors to enter into the Inventors' Agreement, Partners promised, in the Inventors' Agreement, to distribute to the Inventors a percentage of the royalties received from Ohmeda and any successor to Ohmeda.

13. In reliance upon the representations made by Partners, Dr. Head entered into the Inventors' Agreement on or about January 29, 1998.

14. On information and belief, each of the other Inventors also entered into the Inventors' Agreement.

15. On information and belief, MGH entered into a license agreement with Ohmeda which license agreement was adopted by Partners, its successor-in-interest.

16. On information and belief, Partners has received a substantial amount of royalties from Ohmeda and its successor licensees.

17. Notwithstanding the foregoing, to date, more than 16 years after entering into the Inventors' Agreement, Partners has not made any payment to Dr. Head, nor has Dr. Head received any reports relating to the licensing of the NO Patents (including the '621 Patent).

**First Cause of Action - Accounting**

18. Dr. Head repeats and incorporates herein the foregoing allegations.

19. In an effort to obtain information about the royalties received by Partners for licensing the NO Patents, Dr. Head, through counsel, contacted Partners and dealt with one of Partners' lawyers.

20. The said lawyer stonewalled reasonable efforts by Dr. Head to obtain an accounting for royalties and payments relating to the NO Patents.

21. In view of the failure of Partners to account for royalties or to make any payments to Dr. Head for an extended period of time, and in view of the ongoing stonewalling and refusal by Partners to disclose the royalties it has received, it is apparent that Partners will not account

for income or royalties due to Dr. Head unless ordered by the Court to provide a true accounting.

**Second Cause of Action – Breach of Contract**

22. Dr. Head repeats and incorporates herein the foregoing allegations.

23. The ongoing failure of Partners to honor the Inventors' Agreement constitutes a breach of the Inventors' Agreement.

**Third Cause of Action – Common Law Fraud**

24. Dr. Head repeats and incorporates herein the foregoing allegations.

25. Partners induced Dr. Head to enter into the Inventors' Agreement based on false promises of future royalty payments to Dr. Head.

26. On information and belief, Partners has received substantial royalties based on the NO Patents, including the '621 Patent, and, specifically, for licensing the '621 Patent.

27. The failure by Partners to report royalty receipts to Dr. Head, and the stonewalling by its lawyer, demonstrate that Partners acted in bad faith while profiting from licensing royalties based on the NO Patents, including the '621 Patent.

28. The foregoing acts by Partners constituted, and continue to constitute, fraud on Dr. Head.

**PRAYER FOR RELIEF**

WHEREFORE, Dr. Head prays that this honorable Court:

(a) Enter a judgment against Partners and in favor of Dr. Head requiring Partners to account for all royalties and other income received by Partners from the NO Patents, including the '621 Patent;

(b) Enter a judgment awarding Dr. Head damages based on Plaintiff's breach of the Inventors' Agreement in an amount to be determined at trial;

 (c) Enter a judgment awarding Dr. Head compensatory and punitive damages for Partners' fraudulent conduct

 (d) Award Plaintiff's reasonable attorney's fees and litigation expenses; and

 (e) Award such other relief to Dr. Head as the Court may deem just and proper.

## JURY DEMAND

Dr. Head requests a trial by jury.

Dated: June 2, 2014      Respectfully submitted,

**C. ALVIN HEAD, M.D.**

By his attorneys,

/s/ Joel R. Leeman
Joel R. Leeman, BBO# 292070
SUNSTEIN KANN MURPHY & TIMBERS LLP
125 Summer Street
Boston, MA 02110-1618
(617) 443-9292
jleeman@sunsteinlaw.com

Sanford J. Asman (*pro hac vice* admission pending)
Georgia Bar No. 026118
LAW OFFICE OF SANFORD J. ASMAN
570 Vinington Court
Atlanta, GA 30350
(770) 391-0215
sandy@asman.com

2111254.1